# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FIDELITY & GUARANTY LIFE
INSURANCE COMPANY,**

                  **Plaintiff,**

**v.**                                        **Case No:   6:13-cv-70-Orl-28KRS**

**LUCIANO SANCHEZ and SHANNON
SCHWENN,**

                  **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 40)** |
| **FILED:** | **February 27, 2014** |

## I.   BACKGROUND.

      This interpleader case arose from a dispute about the distribution of approximately $54,000.00 of proceeds from an annuity policy ("Policy") issued to Rexine R. Parent ("Parent") by Plaintiff Fidelity & Guaranty Life Insurance Company ("Fidelity").   Defendant Shannon Schwenn contends that he holds a Durable Power of Attorney from Parent.   Schwenn submitted a request for surrender of the Policy, pursuant to the Durable Power of Attorney, while Parent was still living. Parent died before the request was processed.   After Parent's death, Defendant Luciano Sanchez filed a claim to the Policy proceeds as the beneficiary of record.   Because of the dispute regarding

to whom the Policy funds should be distributed, Fidelity deposited the disputed funds into the registry of the Court and was discharged from this case.   The Court reserved jurisdiction to determine an award of attorney's fees to Fidelity.   Doc. No. 32.

Fidelity now seeks an award of attorney's fees and costs in the amount of $9,621.50, which is a substantial sum considering the amount of the Policy proceeds at issue.   Doc. No. 40. Schwenn objects to the award of attorney's fees and costs both because resolving disputed claims to the proceeds of an annuity policy is part of the normal course of business of Fidelity and because the dispute would not have occurred had Fidelity timely processed his claim under the Durable Power Of Attorney.   Doc. No. 47 at 2.   Schwenn also states that he "had potential causes of action against Fidelity . . . ."   *Id*.   Sanchez is representing himself and did not respond to the motion.

## II.   ANALYSIS.

A.      *Award of Attorney's Fees and Costs.*

"In an interpleader action, costs and attorney's fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) (citing *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980)).   However, "'there is no right for the stakeholder to recover costs and attorney's fees.'"   *Unum Life Ins. Co. of Am. v. Kaleo*, No. 6:05-cv-544-Orl-22DAB, 2006 WL 1517257, at *2 (M.D. Fla. May 24, 2006) (quoting *Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002)).   One factor courts have considered in the exercise of discretion is whether the stakeholder's interpleader claim arises out of the normal course of business of an insurance company.   *See In re Mandalay Shores Coop. Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994) (citing cases). Courts have also considered whether the stakeholder

was protecting its own self-interest in filing the interpleader action. *See, e.g., Hauger v. John Hancock Life Ins. Co.*, No. 8:07-cv-1711-T-EAJ, 2008 WL 341432 (M.D. Fla. Feb. 5, 2008).

In *Hauger*, a case from the Middle District of Florida, Plaintiff, Brenda Hauger, filed a complaint seeking a declaration that she was the beneficiary of an annuity policy issued by John Hancock Life Insurance Company ("John Hancock").   She contended that the owner of the annuity policy, now deceased, properly prepared and mailed a designation of Brenda Hauger as the new primary beneficiary of the annuity policy but that John Hancock failed to admit receipt of the designation and update the beneficiary designation in its records.   John Hancock, the named Defendant, filed a counterclaim for interpleader and a cross-claim for interpleader against Richard L. Hauger, the other claimant to the annuity policy proceeds.   Thereafter, John Hancock deposited the interpleader funds into the court's registry and filed a motion for discharge and an award of attorney's fees and costs.   The Court denied that motion for an award of attorney's fees and costs. It found that John Hancock was not a disinterested, innocent stakeholder because (1) it did not come into possession of the disputed funds innocently, (2) the interpleader was in John Hancock's self-interest due to the allegations that it failed to admit receipt of the designation and update its records, and (3) the dispute over the proceeds of the annuity policy arose in the normal course of John Hancock's business.   *Id.* at *4.

Although the present case arises in the context of Fidelity filing the interpleader complaint, the underlying factual disputes here are analogous to those presented in *Hauger*.   Schwenn alleges that he properly filed a claim for the Policy proceeds before Parent died.   He further contends that, but for Fidelity's failure to process the claim timely, the Policy proceeds would have been paid to him.   Because Fidelity did not timely process his claim, a dispute arose at the time of Parent's death when Sanchez, the beneficiary of record of the Policy, filed a claim for the Policy proceeds.   Under

these circumstances, it was in Fidelity's self-interest to attempt to resolve the dispute rather than risk liability if Schwenn had decided to pursue causes of action against Fidelity.

Review of counsel's time sheets provide further evidence that Fidelity's counsel was working to guard Fidelity's self-interest.   Attorney Philip J. Foley, Fidelity's counsel of record in this case, commenced settlement discussions with the claimants in mid-November 2012.[1] He did not file the interpleader complaint until January 2013. At that point, the only further action required by Fidelity was to deposit the Policy proceeds into the registry of the Court and move for discharge. Instead, counsel for Fidelity continued to try to resolve the dispute for more than a year before filing the motion to deposit the funds and be discharged from the case.  *See, e.g.,* Doc. No. 40-1 (time sheets).[2]   During this time, it was Fidelity, not the claimants to the Policy proceeds, that filed motions to stay the case based on settlement discussions.   As a result of the delay in depositing the funds into the registry of the Court and seeking a discharge, Fidelity incurred fees for work that would not have been necessary had its counsel promptly filed the motion to deposit the funds and be discharged from the case.  *Id.*[3]

Under these circumstances, I recommend that the Court exercise its discretion not to award attorney's fees to Fidelity.   As in *Hauger*, Fidelity did not possess the funds "innocently"; it held the Policy proceeds because it issued the Policy.   Adjudicating competing claims to annuity policy proceeds is part of the normal course of business of an insurance company like Fidelity.   The only

---

[1] In its motion, Fidelity does not cite to any authority warranting an award of attorney's fees for work performed before the interpleader complaint was filed.

[2] The time sheets reflect many discussions between counsel for Fidelity and counsel for Schwenn and Sanchez regarding settlement negotiations.

[3] For example, the time sheets show work performed drafting motions to stay the proceedings, reviewing orders issued by the Court and documents filed by other parties, and attending the case management conference.

complicating factor in this case appears to be Fidelity's potential exposure to liability based on Schwenn's allegation that Fidelity did not timely and properly process his claim to the Policy proceeds. Therefore, this is also a case in which Fidelity incurred attorney's fees and costs in protecting its own self-interest.

      *B.*    *Amount of Attorney's Fees and Costs.*

In the alternative, if the Court chooses to exercise its discretion to award attorney's fees and costs, I recommend that the Court award the costs of filing this action ($350.00) and service of process ($70.00). I also recommend that the Court award attorney's fees reasonably incurred only for preparing and filing the complaint, the proof of service, the notice of pendency of related cases, the certificate of interested persons and the motion to deposit the Policy proceeds and be discharged from the case because these are the only papers necessary for Fidelity to prosecute this interpleader case. The reasonable number of hours for this work after review of the time sheets is 6.5 hours.[4]

Attorney Foley has been practicing law since 1979. Doc. No. 40 at 1-2. He seeks hourly rates of $215.00 later increasing to $250.00. Doc. No. 40-1. These rates are reasonable. *See also* Doc. No. 40-2 (Affidavit of Joseph F. Kinman, Jr., Esq., attesting to reasonableness of Attorney Foley's hourly rates).

---

[4] The time sheets reflect that Attorney Foley worked 4.0 hours preparing and revising the complaint, Doc. No. 40-1 (1/8/2013; 1/10/2013), 0.40 hours with respect to service of the complaint, *id.* (1/9/2013; 2/7/2013), and 1.9 hours preparing the motion to pay proceeds and be discharged, *id.* (1/14/2014; 1/21/2014; 1/22/2014). Attorney Foley also worked an astonishing 1.1 hours to review and respond to the order requiring the filing of a notice of pendency of other cases and the certificate of interested persons. *Id.* (2/6/2013). The Notice of Pendency of Other Actions merely requires one of two entries to be selected. Doc. No. 6. The Certificate of Interested Persons is merely a list of the Policy holder, the parties and their counsel. Doc. No. 7. I recommend that the Court find that 0.2 hours is reasonable for this work. This results in a total of 6.5 hours reasonably worked in this case.

The lodestar attorney's fee, using the hourly rate of $250.00 for 6.5 hours of work, is $1,625.00.[5]   Together with the taxable costs, this results in a total award of $2,045.00 to be deducted from the Policy proceeds deposited into the registry of the Court.

**III.   RECOMMENDATION.**

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's Renewed Motion for Award of Attorney's Fees and Costs (Doc. No. 40). Alternatively, I recommend that the Court grant the motion in part and award a total of $2,045.00 to be paid from the Policy proceeds deposited into the registry of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 6, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5]   Attorney Foley's time sheets reflect an hourly rate of $215.00 per hour for some of the work included in the 6.5 hour total.   Because I find that $250.00 per hour is a reasonable hourly rate for Attorney Foley and am recommending a fee award that is significantly less than that requested by Attorney Foley (assuming that the Court does not exercise its discretion to decline to make a fee award at all), I calculate the lodestar based on the $250.00 per hour rate for the entire 6.5 hours of time.