UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FIDELITY & GUARANTY LIFE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                            Case No: 6:13-cv-70-Orl-28KRS

**LUCIANO SANCHEZ, and SHANNON SCHWENN,**

    **Defendants.**

## ORDER

This case, an interpleader action involving approximately $55,000 in annuity funds,[1] is before the Court on Plaintiff's Renewed Motion for Award of Attorney's Fees and Costs (Doc. 40). In that motion, Plaintiff requests an award of fees and costs totaling $9,621.50. The assigned United States Magistrate Judge has submitted a Report (Doc. 50) recommending that Plaintiff's motion be denied or, alternatively, that it be granted only in the amount of $2,045.00, to be paid from the funds that have been deposited into the Court's registry. Plaintiff has filed Objections (Doc. 51) to the Report.

After an independent, de novo review of the record in this matter, including Plaintiff's Objections to the Report, the Court agrees with the Report's alternative recommendation that Plaintiff be awarded fees and costs in the amount of $2,045.00. As noted in the Report, an award of costs and attorney's fees in an interpleader action is within the Court's discretion. See, e.g., Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986).

---

[1] Plaintiff has deposited $55,994.26 into the Court's registry. (See Doc. 35).

One reason justifying fee awards to interpleading plaintiffs is the fact that such fees "typically are quite minor and therefore do not greatly diminish the value of the asset" in dispute. Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n, Inc. (In re Mandalay Shores Coop. Hous. Ass'n, Inc.), 21 F.3d 380, 383 (11th Cir. 1994). However, "when a stakeholder's interpleader claim arises out of the normal course of business," attorney's fees have been found not to be warranted. Id. "[T]his standard typically is applied to insurance companies" because "an insurance company can plan for interpleader as a regular cost of business."[2] Id.

Here, Plaintiff is an insurance company and it issued the annuity policy at issue. It has requested an award of fees in an amount that constitutes more than 17% of the funds in dispute. Such an award is not warranted under the circumstances and is excessive. However, consistent with this Court's past practice[3] and considering that neither of the claimants to the interpleaded funds has filed an objection to the Report, Plaintiff will be awarded the lesser amount of fees and costs recommended by the magistrate judge in the Report—$2,045.00.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 50) is **ADOPTED** and **CONFIRMED** to the extent that it recommends an award of attorney's fees and costs to

---

[2] In its Objections to the magistrate judge's Report, Plaintiff does not address this principle. Instead, Plaintiff objects to other portions of the Report. The Court's ruling is based on the principles set forth in the text and not on the portions of the Report as to which Plaintiff has raised objections.

[3] See Unum Life Ins. Co. of Am. v. Kaleo, No. 6:05-cv-544, 2006 WL 1517257, at *3 (M.D. Fla. May 24, 2006) (awarding $1,250.00 in fees and costs to insurance company in interpleader action where $6,698.00 was requested).

   Plaintiff in the amount of $2,045.00.

2. Plaintiff's Renewed Motion for Award of Attorney's Fees and Costs (Doc. 40) is **GRANTED in part** and **DENIED in part**. The motion is **granted** to the extent that Plaintiff is awarded attorney's fees and costs in the total amount of $2,045.00, taxable against the funds currently in the registry of the Clerk of Court. The motion is otherwise **DENIED**. The Clerk is directed to disburse $2,045.00 from the funds in the Court's registry to counsel for Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida, on June 19, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties